UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY HOLBROOK,<br><br>                Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br><br>               Defendant. | NO:  14-CV-3039-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 19 and 24. This matter was submitted for consideration without oral argument. Plaintiff was represented by D. James Tree. Defendant was represented by Summer Stinson. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Plaintiff Amy Holbrook protectively filed for supplemental security income ("SSI") and disability insurance benefits on January 11, 2011. Tr. 75, 85. Plaintiff alleged an onset date of January 2, 2011. Tr. 75, 85. Benefits were denied initially and upon reconsideration. Tr. 123-131, 134-147. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Verrell Dethloff on October 2, 2012. Tr. 38-72. Plaintiff was represented by counsel and testified at the hearing. Tr. 41-62. Vocational expert Trevor Duncan also testified. Tr. 62-70. The ALJ denied benefits (Tr. 16-37) and the Appeals Council denied review (Tr. 1). The matter is now before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 21 years old at the time of the hearing. Tr. 41. She completed a year and a half of college. Tr. 41. Plaintiff previously worked as a child attendant and a cashier. Tr. 44-45, 48-51, 62. At the time of the hearing, Plaintiff was working part time as a dispatcher at a trucking company. Tr. 54-55. She testified that the company she works for provides accommodations, including: long breaks where she can walk around at work, leaving before her shift is over, and missing

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

1    two to three days per month of work depending on how she feels. Tr. 54-56, 61.

2    Plaintiff claims she is disabled due to rheumatoid arthritis, spondyloarthropathy,

3    reflex neurovascular dystrophy, and TMJ syndrome. *See* Tr. 123, 139. She was

4    diagnosed with juvenile rheumatoid arthritis at age nine. Tr. 47-48. She has no

5    feeling in her left leg, cannot lift her right arm above her head, has no grip or

6    strength in her right hand, has tremor in her right hand, has swelling in her right

7    hand, has "trigger finger" in her right hand, has no strength in her left hand, and

8    has to take breaks if she stands for a long time. Tr. 42-46, 60-61. Plaintiff spends

9    most of her time sleeping. Tr. 45, 56-58. She can drive using her left hand (Tr. 44),

10   but she lives at home and her mother makes her dinner (Tr. 57). She testified that

11   she has tried to be active and once played softball with her family, but has given up

12   most of her hobbies due to her limitations. Tr. 58-59.

13                          **STANDARD OF REVIEW**

14          A district court's review of a final decision of the Commissioner of Social

15   Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

16   limited: the Commissioner's decision will be disturbed "only if it is not supported

17   by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

18   1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

19   relevant evidence that "a reasonable mind might accept as adequate to support a

20   conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

1  months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

2  "of such severity that he is not only unable to do his previous work[,] but cannot,

3  considering his age, education, and work experience, engage in any other kind of

4  substantial gainful work which exists in the national economy." 42 U.S.C. §

5  1382c(a)(3)(B).

6      The Commissioner has established a five-step sequential analysis to

7  determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

8  404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

9  considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

10  416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

11  Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

12  404.1520(b); 416.920(b).

13      If the claimant is not engaged in substantial gainful activities, the analysis

14  proceeds to step two. At this step, the Commissioner considers the severity of the

15  claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

16  claimant suffers from "any impairment or combination of impairments which

17  significantly limits [his or her] physical or mental ability to do basic work

18  activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

19  416.920(c). If the claimant's impairment does not satisfy this severity threshold,

20  however, the Commissioner must find that the claimant is not disabled. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 5

1    At step three, the Commissioner compares the claimant's impairment to

2  several impairments recognized by the Commissioner to be so severe as to

3  preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

4  404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

5  severe than one of the enumerated impairments, the Commissioner must find the

6  claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

7    If the severity of the claimant's impairment does meet or exceed the severity

8  of the enumerated impairments, the Commissioner must pause to assess the

9  claimant's "residual functional capacity." Residual functional capacity ("RFC"),

10  defined generally as the claimant's ability to perform physical and mental work

11  activities on a sustained basis despite his or her limitations (20 C.F.R. §§

12  404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

13  analysis.

14    At step four, the Commissioner considers whether, in view of the claimant's

15  RFC, the claimant is capable of performing work that he or she has performed in

16  the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

17  If the claimant is capable of performing past relevant work, the Commissioner

18  must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f).

19  If the claimant is incapable of performing such work, the analysis proceeds to step

20  five.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 6

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

### ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 2, 2011, the alleged onset date. Tr. 22. At step two, the ALJ found Plaintiff has the following severe impairments: carpal tunnel syndrome, spondyloarthropathy, reflex neurovascular dystrophy, obesity, and inflammatory

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

arthritis. Tr. 22. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 23. The ALJ then found that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally climb ramps or stairs, stoop, kneel, crawl, or crouch. She has no limitations of balancing. She can never climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to extremes of heat or cold, vibrations, hazards, or pulmonary irritants. The claimant can *occasionally* reach or handle in front or laterally with both hands. She cannot reach overhead on the right but can reach overhead on the left.

Tr. 23 (emphasis in original). At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 29. At step five, the ALJ found that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 30. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 2, 2011, through the date of this decision. Tr. 31.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ committed reversible error by failing to discuss a Washington State ALJ Decision finding Plaintiff was disabled; (2) the ALJ committed reversible error at step five

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

by failing to properly consider vocational expert testimony. ECF No. 19 at 10-18. Defendant argues: (1) the ALJ did not err by not weighing the Washington State ALJ Decision; (2) the ALJ properly relied on the vocational expert's opinion to support disability finding. ECF No. 24 at 4-13.

## DISCUSSION

### A. Washington State Disability Decision

The record contains an order from ALJ Johnette Sullivan, after a hearing conducted before the Washington State Office of Administrative Hearings for the Department of Social and Health Services ("State ALJ Decision"). [1] Tr. 328-330;

---

[1] The administrative record submitted to this court only contained pages 1, 3, and 5 of the State ALJ Decision. Tr. 328-330. Plaintiff's attorney submitted a sworn statement to this court indicating that he submitted the missing portion of this decision (page numbers 2, 4, and 6) on October 5, 2012, which was several days after the hearing conducted on October 2, 2012; and before the ALJ decision was issued on October 19, 2012. ECF No. 17. Plaintiff also filed a motion to supplement the administrative record with the missing pages that were submitted electronically before the ALJ issued his decision but, presumably due to clerical error, were not added to the record, and thus not considered by the ALJ or the Appeals Council. ECF No. 16; Tr. 1-4. Defendant did not respond or object to Plaintiff's motion to supplement the administrative record. As per Local Rule 7.1,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    ECF No. 16-1.  The Washington State ALJ applied the same five-step sequential

2    process used in federal disability determinations, and found Plaintiff "has met her

3    burden at Step 5. She is disabled because the assessment of her [RFC] and her age,

4    education, and work experience demonstrates that she is not able on a full-time

5    basis to do light-level work or adjust to other full time work." ECF No. 16-1 at 9.

6    The ALJ did not discuss or weigh the State ALJ Decision in the instant case.

7         Plaintiff argues the ALJ erred by failing to consider this governmental

8    agency's finding that Plaintiff was disabled. ECF No. 19 at 10-14. In support of

9    this argument, Plaintiff correctly notes that under Social Security Regulation

10   Defendant's failure to respond within 14 days to this non-dispositive motion may

11   be deemed consent to the entry of an Order adverse to the Defendant. L.R. 7.1.

12   Thus, as indicated in the conclusion of this order, the court grants Plaintiff's

13   motion to supplement the record, and will consider the State ALJ Decision in its

14   entirety for the purposes of this decision. As a final matter, the court also notes that

15   the only portions of the State ALJ Decision actually cited by this court *were*

16   included in the administrative record considered by the ALJ and the Appeals

17   Council; and Plaintiff concedes in her briefing that although the State ALJ decision

18   "did not contain pages 2, 4, and 6 there was no ambiguity that [the State ALJ

19   decision] used SSA's five step sequential process to find [Plaintiff] disabled." ECF

20   No. 19 at 12.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

("SSR") 06-03p, "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p (August 9, 2006) at *7, *available at* 2006 WL 2329939. Although not identified by Plaintiff in her briefing, this SSR also indicates that "the adjudicator *should* explain the consideration given to these decisions in the notice of decision for hearing cases." *Id.* (emphasis added). However, a determination by another governmental agency as to disability is not binding on the SSA. *See* 20 C.F.R. § 416.904. Moreover, it is well-settled in the Ninth Circuit that the ALJ is not required to discuss every piece of evidence in the record, rather, he or she must only explain why significant probative evidence has been rejected. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003); *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

In this case, the ALJ cited *Howard* and *Vincent* in his decision, and specifically concluded that after "weigh[ing] the evidence in this matter,… I find that the probative evidence [], with due regard to subjective testimony, establishes that the claimant was not disabled for the reasons set out above." Tr. 31. After reviewing the record a whole, the court finds the State ALJ Decision was not significant probative evidence, and thus the ALJ did not err by failing to explain why it was rejected. First, the State ALJ Decision was sent on August 27, 2010, which pre-dates Plaintiff's alleged disability onset date in this case of January 2,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

2011. ECF No. 16-1 at 5; Tr. 19. A statement of disability made outside the

relevant time period may be disregarded. *See Turner v. Comm'r of Soc. Sec.*, 613

F.3d 1217, 1224 (9th Cir. 2010); *see also Fair v. Bowen*, 885 F.2d 597, 600 (9th

Cir. 1989) (medical opinions that predate the alleged onset of disability are of

limited relevance). Additionally, SSR 06-03p specifically notes that "[t]hese

decisions, and the evidence used to make these decisions, may provide insight into

the individual's mental and physical impairment(s)." SSR 06-03p, at *7, *available

at* 2006 WL 2329939. While the State ALJ Decision generally notes that "[t]he

record considered includes [Plaintiff's] medical reports from multiple providers for

the past few years;" it does not reference any specific work-related limitations *as

identified* by Plaintiff's medical providers, nor does it offer any discussion of

relevant medical opinions. ECF No. 16-1. Instead, the State ALJ found that

> [i]t was proper for DDDS staff to draw inferences from the positive findings of medical doctors, of which there were many. However, the inferences must be considered in context that [Plaintiff] was doing well as a patient suffering from a chronic severe physical impairment. The better evidence of greater weight is the work history with an employer willing to provide multiple accommodations.... The evidence proves the [Plaintiff] is not able to adjust to other light work on a full time basis, even with multiple accommodations such as shift adjustments, extra breaks, a stool, and ability to frequently leave a shift due to pain.

ECF No. 16-1 at 8-9. However, without citation to evidence in the record

confirming the alleged accommodations by Plaintiff's employer, or the limitations

that would necessitate these accommodations; this court can only presume that the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

State ALJ based the decision almost entirely on Plaintiff's subjective testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject an opinion if it is "based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."). Significantly, the ALJ in this case found Plaintiff's testimony was not credible, and Plaintiff offers no challenge to that adverse credibility finding. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court may decline to address an issue if it was not raised with specificity in Plaintiff's briefing).

Finally, for largely these same reasons, even if the ALJ erred by not discussing the State ALJ decision, any error was harmless. *See Carmickle*, 533 F.3d at 1162 (an error is harmless as long as there is substantial evidence supporting the ALJ's decision, and the error does not affect the ultimate nondisability determination). Plaintiff conclusorily argues that "[h]ad this disability determination been considered properly and fully, especially in light of the detailed explanation given by [the Washington State ALJ] in that decision for exactly why she found [Plaintiff] disabled, it is likely that the finding of "disabled" would have been the finding in this decision." ECF No. 19 at 13. The court does not agree. In support of this argument Plaintiff merely block cites the Washington State ALJ's findings regarding the alleged "significant" accommodations by her employer, but offers no citation to any identified limitations or other probative evidence not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1  properly considered by the ALJ in this case. Moreover, Plaintiff does not challenge

2  the ALJ's well-supported evaluation of the medical opinion evidence or

3  assessment of Plaintiff's credibility in support of the disability finding. *See Molina*,

4  674 F.3d at 1121 (("[e]ven when an agency explains its decision with less than

5  ideal clarity, we must uphold it if the agency's path may be reasonably

6  discerned.")(internal quotation marks omitted)).

7          The State ALJ's determination of disability is not binding on this court; nor,

8  as discussed in detail above, was it significant probative evidence of disability that

9  would necessitate discussion in the ALJ's decision. *See* 20 C.F.R. § 416.904. Thus,

10  the ALJ did not err.

11  **B. Step Five**

12          The ALJ may meet his burden of showing the claimant can engage in other

13  substantial activity at step five by propounding a hypothetical to a vocational

14  expert "that is based on medical assumptions supported by substantial evidence in

15  the record that reflects all the claimant's limitations. The hypothetical should be

16  'accurate, detailed, and supported by the medical record.'" *Osenbrock v. Apfel*, 240

17  F.3d 1157, 1165 (9th Cir. 2001). However, "[i]f an ALJ's hypothetical does not

18  reflect all of the claimant's limitations, then the expert's testimony has no

19  evidentiary value to support a finding that the claimant can perform jobs in the

20  national economy." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

Cir. 2009)(citation and quotation marks omitted). Here, the vocational expert ("VE") testified that a hypothetical person, with the same age, education, and RFC assessed by the ALJ in this case, was incapable of performing Plaintiff's past relevant work, but would be able to perform the occupation of counter clerk.[2] Tr. 63-64. Plaintiff argues the ALJ erred at step five by improperly considering the VE testimony. These arguments are inapposite.

First, Plaintiff appears to argue that the ALJ improperly failed to consider testimony by the VE in response to limitations proposed by Plaintiff's counsel during the hearing. ECF No. 19 at 14-15. However, Defendant correctly notes that Plaintiff makes this "bold assertion" without contesting the ALJ's findings regarding the medical evidence, Plaintiff's credibility, or the RFC assessment. ECF No. 24 at 6-8. Thus, the court may decline to address this issue because it was not raised with specificity in Plaintiff's briefing. *See Carmickle*, 533 F.3d at 1161 n.2. Moreover, an ALJ is "not bound to accept as true the restriction presented in a hypothetical question propounded by a claimant's counsel." *Magallanes v. Bowen*,

_____

[2] Plaintiff repeatedly emphasizes that the VE identified only one occupation that Plaintiff would be capable of performing based on the ALJ's assessed RFC. *See* ECF No. 19 at 14-17; ECF No. 25 at 3-4. However, as noted by the ALJ in this case, a single occupation is sufficient to support a finding that Plaintiff is not disabled. Tr. 30 (citing 20 C.F.R. § 416.966(b)).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    881 F.2d 747, 756 (9th Cir. 1989). Instead, an ALJ is "free to accept or reject

2    restrictions in a hypothetical question that are not supported by substantial

3    evidence." *Osenbrock*, 240 F.3d at 1164-1165. Plaintiff does not cite any evidence

4    of record, aside from the questions posed by Plaintiff's counsel at the hearing, to

5    support his general argument that the RFC should have included the alleged

6    "accommodations required by [Plaintiff] to work." ECF No. 19 at 14-15. Thus, the

7    court finds the ALJ did not err by failing to accept limitations proposed by

8    Plaintiff's counsel at the hearing.

9         Second, Plaintiff argues that the ALJ committed "reversible error in his

10   finding of 'not disabled' by improperly applying the limitations of his own RFC

11   and making no findings [sic] whether [Plaintiff] could reach and handle more than

12   occasionally for 90 minutes at a time." ECF No. 19 at 15-17. In this case, the ALJ

13   found Plaintiff had the RFC to perform light work, with additional restrictions

14   including that she "can occasionally reach or handle in front or laterally with both

15   hands[, and] cannot reach overhead on the right but can reach overhead on the

16   left." Tr. 23. At the hearing, upon questioning by Plaintiff's counsel regarding

17   whether manipulative limitations of the "counter clerk" job identified by the VE as

18   an occupation Plaintiff could perform might "raise above occasional in [his]

19   experience," the VE testified that he had done "job analyses" on this type of job

20   and has

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

been on-site during the day when things are happening. And so, there are quite – there are quite a bit of time[s] where a person doesn't use their upper extremities. However, there is also extended times when a person would. So it's not as though – so some of these handling activities are sporadic throughout the day. But there are times when, say, there might be a line at the counter so a person might get stuck at the counter for more than an hour or even an hour and a half without a break as the cashier at that time. So during that time, they might be working with their hands more than occasionally during those – during that hour and a half.

ECF No. 19 at 17 (citing Tr. 66-67). Plaintiff argues the ALJ erred by "ignoring" the assessed RFC of "occasional" reaching or handling with both hands, and "making no findings" regarding the VE's testimony that Plaintiff may have to reach and handle for more 60 to 90 minutes at a time in the position of counter clerk. ECF No. 25 at 4-7. However, Plaintiff's argument omits and mischaracterizes the VE's testimony. Most glaringly, the portion of VE testimony cited by Plaintiff to support her argument does not include the VE's conclusion that "when you look at the day as a whole, it equates to … occasional reaching or handling." Tr. 67. Also not identified by Plaintiff was the VE's testimony that the majority of a counter clerk's job is "talking," (Tr. 66), and that "in general" there was communication between the individuals working in this section of a store as to any need to "switch" between monitoring the equipment and being the person at the counter (Tr. 67-69). The VE again testified that "there's the trade-off and it'd still fit within the occasional." Tr. 69.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    After considering the entirety of the VE's testimony, the court finds the ALJ

2  did not err by relying on the VE's testimony at step five (Tr. 30), which was

3  consistent with the information contained in the Dictionary of Occupational Titles

4  ("DOT") identifying the position of "counter clerk" as requiring reaching and

5  handling "occasionally." *See* DOT 249.366-010, *available at* 1991 WL 672323;

6  *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ's reliance

7  on testimony given by the VE in response to a hypothetical was proper because

8  "[t]he hypothetical that the ALJ posed to the VE contained all of the limitations

9  that the ALJ found credible and supported by substantial evidence in the record.").

10                              **CONCLUSION**

11    After review the court finds the ALJ's decision is supported by substantial

12  evidence and free of harmful legal error.

13  **ACCORDINGLY, IT IS HEREBY ORDERED:**

14    1.  Plaintiff's Motion to Supplement the Record, ECF No. 16, is

15        **GRANTED**.

16    2.  Plaintiff's Motion for Summary Judgment, ECF No. 19, is **DENIED**.

17    3.  Defendant's Motion for Summary Judgment, ECF No. 24, is

18        **GRANTED**.

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 18

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** this  24th  day of  June, 2015.

                        *s/Fred Van Sickle*
                        _____
                        Fred Van Sickle
                        Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19